UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JANE DOE, | ) |
|     Plaintiff, | ) ) ) |
|     v. | )   No. 4:08CV197 TIA ) |
| V. LEROY YOUNG, M.D., ROBERT CENTENO, M.D., C.B. BOSWELL, M.D., and AESTHETIC SURGERY ASSOCIATES, d/b/a BODY ASTHETIC PLASTIC SURGERY & SKIN CARE CENTER, INC., | ) ) ) ) ) ) ) |
|     Respondent. | ) ) |

**MEMORANDUM AND ORDER**
**OF UNITED STATES MAGISTRATE JUDGE**

This cause is before the Court on non-party Riverfront Times, LLC's Objections and Motion to Quash Subpoena and Notice of Deposition Directed to Riverfront Times (Docket No. 21). Defendants filed a Memorandum in Opposition to Objections and Motion to Quash Subpoena and Notice (Docket No. 22) and Riverfront Times filed a Reply (Docket No. 23) thereto. All matters are pending before the undersigned United States Magistrate Judge, with the consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff Jane Doe filed the instant action against Defendants for improperly disseminating portions of her medical record related to her October, 2004, plastic surgery to remove excessive skin due to substantial weight loss. ( Plaintiff's Complaint, Docket No. 1, at ¶¶ 9-11, 15-16). Defendants V. Leroy Young, M.D., Robert Centeno, M.D., and C.B. Boswell, M.D. ("medical Defendants"), are physicians and surgeons engaged in the practice of their profession in St. Louis County and

provided medical services to Plaintiff. (Id. at ¶¶ 1-3). Defendant Aesthetic Surgery Associates, Inc., d/b/a Body Aesthetic Plastic Surgery & Skin Care Center, Inc. ("Body Aesthetic") is a Missouri corporation and provided medical services to Plaintiff, and doctor Defendants served as employees, officers, and /or members of Body Aesthetic. (Id. at ¶¶ 4-5). In particular, these materials include Plaintiff's "medical records" and "[p]hotos of Plaintiff [that] were part of the medical records of Plaintiff and were obtained by Defendants for the limited and sole purpose of rendering medical treatments." (Id. at ¶ 11). The photos allegedly "depict Plaintiff in full frontal and posterior naked poses ...." (Id. at ¶ 10). Plaintiff alleges that she apprised Defendants that she did not want her medical records and photos disseminated in any form or medium other than for purposes of medical treatment and that she never consented to the release of the photos. (Id. at ¶¶ 13, 15). Nonetheless, the photos appeared in an April 20, 2006, article published in the Riverfront Times regarding Defendants' plastic surgery medical practice. (Id. at ¶ 17). Plaintiff seeks monetary damages, including puntive damages, from Defendants for their alleged invasion of privacy and intrusion upon seclusion (Count I), invasion of privacy and unreasonable publicity (Count II), breach of fiduciary duty (Count III), wrongful commercial appropriation and exploitation of her image and medical information (Count IV), and negligent, careless and reckless conduct (Count V).

On August 26, 2008, Defendants served the subpoena on non-party Riverfront Times three days before the date set for production. The subpoena at issue requests the Riverfront Times to produce the following:

> 1. A full and complete copy of all documents and/or materials in your possession, custody or control, used to prepare your article titled "Sultan of Skin: Flesh Insight from an Esteem St. Louis Plastic Surgeon," published in the April 20, 2006 issue of the Riverfront Times, ... including but not limited to: all contents of the file, all correspondence concerning the article or preparation thereof, emails, notes,

>memoranda, drafts, edits, tapes, recordings, digital copies, transcripts, journals, electronic diaries, and any other relevant material.

(Riverfront Times' Objections and Motion to Quash Subpoena, Docket No. 21, Exh. A at Attachment A).

Riverfront Times filed its Objections and Motion to Quash Subpoena and Notice of Deposition on August 28, 2008, (Docket No. 21) seeking to quash the subpoena and notice of deposition. Riverfront Times argues that the subpoena is overbroad and seeks materials that are not original to the Riverfront Times. In relevant part, the Riverfront Times contends that as a non-party to the instant litigation the Riverfront Times should not be required to devote substantial time and resources in responding to the subpoena to produce materials to Defendants that were originally provided by the same Defendants. Further, the Riverfront Times argues the subpoena seeks the reporter's notes and work product, and the qualified journalist privilege prohibits the use of journalists as witnesses and as sources for documentary evidence unless the information sought is critical to the maintenance or heart of the claim, is highly material and relevant, and is unobtainable from other sources. Continental Cablevision, Inc. v. Storer Broadcasting Co., 583 F. Supp. 427, 433-36 (E.D. Mo. 1984). In applying the privilege, the Court must balance the competing interests involved by considering the relevance and materiality of the information, whether the party seeking the information has made reasonable efforts to obtain the information from an independent source, and whether there is truly a need for the information.

A review of the allegations set forth in Plaintiff's Complaint show that Defendants' alleged improper dissemination of the photographs contained in her medical records is the heart of the case, not the subsequent publication of the photographs in the Riverfront Times. ( Plaintiff's Complaint, Docket No. 1, at ¶¶ 9-11, 15-16). Indeed, the Complaint is devoid of any allegations of impropriety

by the Riverfront Times. Inasmuch as the instant record shows that other sources of information have not been exhausted, the Court will grant the motion to quash subpoena and notice of deposition at this time.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that non-party Riverfront Times, LLC's Objections and Motion to Quash Subpoena and Notice of Deposition Directed to Riverfront Times (Docket No. 21) are GRANTED.

Dated this __28th__ day of October, 2008.

                                                            /s/ Terry I. Adelman
                                              UNITED STATES MAGISTRATE JUDGE