UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:08CV197 TIA |
| ) | |
| V. LEROY YOUNG, M.D., ) | |
| ROBERT CENTENO, M.D., ) | |
| C.B. BOSWELL, M.D., and ) | |
| AESTHETIC SURGERY ASSOCIATES, ) | |
| d/b/a BODY ASTHETIC PLASTIC SURGERY ) | |
| & SKIN CARE CENTER, INC., ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**
**OF UNITED STATES MAGISTRATE JUDGE**

This cause is before the Court on Defendants' Motion for Leave to File an Amended Answer. (Docket No. 43) and Motion for Leave to File Second Amended Answer (Docket No. 49). Plaintiff filed a Memorandum in Opposition To Defendants' Motion for Leave to File an Amended Answer. (Docket No. 48). All matters are pending before the undersigned United States Magistrate Judge, with the consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff Jane Doe filed the instant action against Defendants for improperly disseminating portions of her medical record related to her October 2004, plastic surgery to remove excessive skin due to substantial weight loss. ( Plaintiff's Complaint, Docket No. 1, at ¶¶ 9-11, 15-16). Defendants V. Leroy Young, M.D., Robert Centeno, M.D., and C.B. Boswell, M.D. ("medical Defendants"), are physicians and surgeons engaged in the practice of their profession in St. Louis County and provided medical services to Plaintiff. (Id. at ¶¶ 1-3). Defendant Aesthetic Surgery Associates, Inc.,

d/b/a Body Aesthetic Plastic Surgery & Skin Care Center, Inc. ("Body Aesthetic") is a Missouri corporation and provided medical services to Plaintiff, and doctor Defendants served as employees, officers, and /or members of Body Aesthetic. (Id. at ¶¶ 4-5). In particular, these materials include Plaintiff's "medical records" and "[p]hotos of Plaintiff [that] were part of the medical records of Plaintiff and were obtained by Defendants for the limited and sole purpose of rendering medical treatments." (Id. at ¶ 11). The photos allegedly "depict Plaintiff in full frontal and posterior naked poses ...." (Id. at ¶ 10). Plaintiff alleges that she apprised Defendants that she did not want her medical records and photos disseminated in any form or medium other than for purposes of medical treatment and that she never consented to the release of the photos. (Id. at ¶¶ 13, 15). Nonetheless, the photos appeared in an April 20, 2006, article published in the Riverfront Times regarding Defendants' plastic surgery medical practice. (Id. at ¶ 17). Plaintiff seeks monetary damages, including punitive damages, from Defendants for their alleged invasion of privacy and intrusion upon seclusion (Count I), invasion of privacy and unreasonable publicity (Count II), breach of fiduciary duty (Count III), wrongful commercial appropriation and exploitation of her image and medical information (Count IV), and negligent, careless and reckless conduct (Count V).

In the Second Amended Answer, Defendants assert additional affirmative defenses set forth in paragraphs five through nine directed to Plaintiff's claims for punitive damages. A review of the proposed affirmative defenses set forth in the Second Amended Answer shows that the affirmative defenses challenge the constitutionality of any punitive damage award. Defendants have failed to establish through necessary supporting authority or evidence that punitive damages in this case, regardless of the amount, would be unconstitutional nor does it appear from the face of the Complaint that punitive damages are legally unavailable under the applicable law. Defendants' "constitutional

objections are more properly directed to the proportionality or excessiveness of any punitive damage award ultimately imposed, and are therefore premature." <u>Montgomery v. Karkut Indus. Corp.</u>, 259 F.Supp.2d 952, 956 (E.D. Mo. 2003). Further, assertions that punitive damages are not recoverable or constitutional do not constitute affirmative defenses under Rule 8(c). Fed.R.Civ.P. 8(c).

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion for Leave to File an Amended Answer (Docket No. 43) is DENIED AS MOOT.

**IT IS FURTHER ORDERED** that Defendants' Motion for Leave to File an Amended Answer (Docket No. 49) is DENIED.

Dated this   6th   day of February, 2009.

                                                    /s/ Terry I. Adelman  
                                             UNITED STATES MAGISTRATE JUDGE