UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:08CV197 TIA |
| ) | |
| V. LEROY YOUNG, M.D., ) | |
| ROBERT CENTENO, M.D., ) | |
| C.B. BOSWELL, M.D., and ) | |
| AESTHETIC SURGERY ASSOCIATES, ) | |
| d/b/a BODY ASTHETIC PLASTIC SURGERY ) | |
| & SKIN CARE CENTER, INC., ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER
OF UNITED STATES MAGISTRATE JUDGE**

This cause is before the Court on Plaintiff Jane Doe's Motion to Compel Discovery Responses Related to Defendants' Financial and Net Worth Information (Docket No. 29). Defendants filed a Memorandum in Opposition to the motion to compel (Docket No. 34) and Plaintiff filed a Reply (Docket No. 35) thereto. All matters are pending before the undersigned United States Magistrate Judge, with the consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff Jane Doe filed the instant action against Defendants for improperly disseminating portions of her medical record related to her October 2004, plastic surgery to remove excessive skin due to substantial weight loss. (Plaintiff's Complaint, Docket No. 1, at ¶¶ 9-11, 15-16). Defendants V. Leroy Young, M.D., Robert Centeno, M.D., and C.B. Boswell, M.D. ("medical Defendants"), are physicians and surgeons engaged in the practice of their profession in St. Louis County and provided medical services to Plaintiff. (Id. at ¶¶ 1-3). Defendant Aesthetic Surgery Associates, Inc.,

d/b/a Body Aesthetic Plastic Surgery & Skin Care Center, Inc. ("Body Aesthetic") is a Missouri corporation and provided medical services to Plaintiff, and doctor Defendants served as employees, officers, and /or members of Body Aesthetic. (Id. at ¶¶ 4-5). In particular, these materials include Plaintiff's "medical records" and "[p]hotos of Plaintiff [that] were part of the medical records of Plaintiff and were obtained by Defendants for the limited and sole purpose of rendering medical treatments." (Id. at ¶ 11). The photos allegedly "depict Plaintiff in full frontal and posterior naked poses ...." (Id. at ¶ 10). Plaintiff alleges that she apprised Defendants that she did not want her medical records and photos disseminated in any form or medium other than for purposes of medical treatment and that she never consented to the release of the photos. (Id. at ¶¶ 13, 15). Nonetheless, the photos appeared in an April 20, 2006, article published in the Riverfront Times regarding Defendants' plastic surgery medical practice. (Id. at ¶ 17). Plaintiff seeks monetary damages, including punitive damages, from Defendants for their alleged invasion of privacy and intrusion upon seclusion (Count I), invasion of privacy and unreasonable publicity (Count II), breach of fiduciary duty (Count III), wrongful commercial appropriation and exploitation of her image and medical information (Count IV), and negligent, careless and reckless conduct (Count V).

Plaintiff moves for an order compelling Defendants to respond to her Interrogatories and Request for Production relating to Defendants' financial and net worth information on the issue of punitive damages. Specifically, Plaintiff sought from each Defendant, in requests 18 through 20 the following: eighteen audited and unaudited balance sheets reflecting assets, liabilities, and net worth for each year since 2001; nineteen audited and unaudited income and expense statements for each year since 2001; and twenty appraisals of net worth, market value, or other value of Defendant completed since January 1, 2001.

Defendants argue federal courts are guided by substantive law of the states regarding the permissibility of punitive damages, and Missouri substantive law precludes discovery of the financial and net worth information at this juncture under Mo. Rev. Stat. § 510.263.[1] Further, Defendants contend that even if this information is discoverable, such discovery is limited to the current financial information of Defendants and thus Plaintiff's requests are overly broad.

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, the parties are entitled to "obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action...." Morever, evidence of net worth is admissible in making an assessment as to the amount of punitive damages. Jordan v. Clayton Brokerage Co. of St. Louis, Inc., 975 F.2d 539, 542 (8th Cir. 1992); Hollins v. Powell, 773 F.2d 191, 198 (8th Cir. 1995).

Evidence of a defendant's net worth and financial condition is relevant for discovery purposes when a plaintiff seeks punitive damages. D'Onofrio v. SFX Sports Group, Inc., 247 F.R.D. 43, 52-53 (D.D.C. 2008). The majority of courts having ruled on this issue have held that a plaintiff seeking punitive damages is entitled to discover information relating to the defendant's financial condition in advance of trial without making a prima facie showing that he is entitled to recover such damages.

---

[1]Section 510.263.8 provides in relevant part as follows:

> Discovery as to a defendant's assets shall be allowed only after a finding by the trial court that it is more likely than not the plaintiff will be able to present a submissible case to the trier of fact on the plaintiff's claim of punitive damages.

Mo. Rev. Stat. § 510.263.8(2008). As a general rule, in diversity cases such as the instant case, federal courts must apply state substantive law and federal procedural law. Hanna v. Plumer, 380 U.S. 460 85 S.Ct. 1136, 1141-44 (1965). Although the issue of whether this statute is substantive has not been addressed by the Eighth Circuit, the undersigned believes the section to be procedural rather than substantive and thus need not be applied by this Court. See Hill v. Morrison, 870 F.Supp. 978, 982 (W.D. Mo. 1994).

- 3 -

United States v. Matusoff Rental Co., 204 F.R.D. 396, 399 (S.D.Ohio 2001).

Although the Court finds Defendants' financial status discoverable in advance of trial, the Court will limit such discovery to Defendants' current assets and liabilities.  See Bessier v. Precise Tool & Engineering Co., Inc., 778 F.Supp. 1509, 1514 (W.D. Mo. 1991); Hughes v. Groves, 47 F.R.D. 52 (W.D. Mo. 1969).  Plaintiff's request for financial documents pertaining to Defendants' net worth for the past eight years is overbroad and burdensome and thus the Court will limit such discovery to Defendants' current net worth for the period of January 1, 2007 to the present. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Jane Doe's Motion to Compel Discovery Responses Related to Defendants' Financial and Net Worth Information (Docket No. 29) is GRANTED in part.

**IT IS FURTHER ORDERED** that Defendants are directed to produce documents and provide answers to interrogatories pertaining to their current net worth for the period of January 1, 2007 to the present within twenty days.  Failure to comply with this Order may result in the imposition of sanctions.

              /s/Terry I. Adelman
             UNITED STATES MAGISTRATE JUDGE

Dated this  18th   day of February, 2009.