UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  4:08CV197 TIA |
| | ) | |
| V. LEROY YOUNG, M.D., | ) | |
| ROBERT CENTENO, M.D., | ) | |
| C.B. BOSWELL, M.D., | ) | |
| and AESTHETIC SURGERY ASSOCIATES, | ) | |
| d/b/a BODY AESTHETIC PLASTIC | ) | |
| SURGERY & SKIN CENTER, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion & Memorandum to Bifurcate the Trial. (Docket No. 76).  Plaintiff has filed no opposition thereto.  All matters are pending before the undersigned United States Magistrate Judge, with the consent of the parties, pursuant to 28 U.S.C. § 636(c).

Defendants request that the punitive damage phase of the trial be bifurcated from the compensatory damage phase.  Defendants contend that evidence of their financial condition and net worth could prejudice them before the jury and that the evidence is confidential, risks unnecessary disclosure, and could be moot.  The undersigned agrees with Defendants and finds that bifurcation is appropriate in this case.  Parsons v. First Investors Corp., 122 F.3d 525, 529 (8th Cir. 1997) (bifurcation of trial into separate phases avoids the potential the evidence pertinent to punitive damages, such as the financial status of defendant, will improperly prejudice the jury's determination of liability).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Bifurcate the Trial (Docket No. 76) is **GRANTED**. The jury trial in this action shall proceed in two phases. The first phase shall address the issues of compensatory damages, and the second phase, if necessary, will address punitive damages.

The parties shall first present compensatory damages to the jury; if a finding is made by the jury in favor of the Plaintiff on compensatory damages, the Court shall then submit to the jury the question of punitive damages. No evidence of Defendants' financial condition and net worth shall be submitted during the first phase, nor shall any mention of punitive damages or Defendants' financial condition and net worth be made to the jury during the first phase, except the attorneys may ask one question during voir dire, "[i]s there anyone on the panel who is opposed to an award of punitive damages that you could not consider evidence supporting punitive damages, or issue an award of punitive damages." If any venire person responds affirmatively, any follow-up questions will be asked at the bench.

Dated this  5th  day of November, 2009.


                                        /s/Terry I. Adelman
                              UNITED STATES MAGISTRATE JUDGE