INSTRUCTION NO. ____/____

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect.  I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now.  You must not single out some instructions and ignore others, because all are important.  This is true even though some of those I gave you at the beginning and during trial are not repeated here.

The instructions I am about to give you now are in writing and will be available to you in the jury room.  I emphasize, however, that this does not mean they are more important than my earlier instructions.  Again, all instructions, whenever given and whether in writing or not, must be followed.

INSTRUCTION NO. _2_

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdicts should be.

INSTRUCTION NO. ___*3*___

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider a witness' intelligence, the opportunity a witness had to see or hear the things testified about, a witness' memory, any motives a witness may have for testifying a certain way, the manner of a witness while testifying, whether a witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

INSTRUCTION NO. _*4*_

In these instructions, you are told that your verdict depends on whether or not you believe certain propositions of fact submitted to you.  The burden is upon plaintiff to cause you to believe that the evidence has clearly and convincingly established the propositions of fact required for the recovery of punitive damages as submitted in Instruction Nos. _*8*_, _*9*_, _*10*_, and _*11*_.  However, on all other propositions of fact, the burden is upon the party who relies upon any such proposition to cause you to believe that such proposition is more likely to be true than not true.  In determining whether or not you believe any proposition, you must consider only the evidence and the reasonable inferences derived from the evidence.  If the evidence in the case does not cause you to believe a particular proposition submitted, then you cannot return a verdict requiring belief of that proposition.

INSTRUCTION NO. _5_

On the claim of plaintiff for compensatory damages for invasion of privacy, your verdict must be for the plaintiff and against defendants if you believe that the defendants' giving of plaintiff's photographs to the Riverfront Times Newspaper brought her shame and humiliation and as a result thereof she was damaged.

INSTRUCTION NO. __6__

On the claim of plaintiff for compensatory damages for breach of fiduciary duty of

confidentiality, your verdict must be for the plaintiff and against defendants if you believe that as

a direct result of defendants' disclosure of plaintiff's medical photographs to the Riverfront

Times Newspaper, plaintiff sustained damage.

INSTRUCTION NO. __7__

If you find in favor of plaintiff against defendants on plaintiff's claim for compensatory damages based upon invasion of privacy, or if you find in favor of plaintiff against defendants on plaintiff's claim for compensatory damages for breach of fiduciary duty of confidentiality, then you must award plaintiff such sum as you believe will fairly and justly compensate plaintiff for any damages you believe plaintiff sustained and is reasonably certain to sustain in the future as a direct result of the occurrence mentioned in the evidence.

INSTRUCTION NO. _8_

If you find the issues in favor of plaintiff Jane Doe on her claim for invasion of privacy,

and if you believe the conduct of defendant V. Leroy Young, as submitted in Instruction No.

_5_ was outrageous because of V. Leroy Young's evil motive or reckless indifference to the

rights of others, or

If you find the issues in favor of plaintiff Jane Doe on her claim for breach of fiduciary

duty, and if you believe the conduct of defendant V. Leroy Young, as submitted in Instruction

No. _6_ was outrageous because of V. Leroy Young's evil motive or reckless indifference to

the rights of others, then in the Verdict Form, you may find that defendant V. Leroy Young is

liable for punitive damages.

If you find that defendant V. Leroy Young is liable for punitive damages in this stage of

the trial, you will be given further instructions for assessing the amount of punitive damages in

the second stage of the trial.

INSTRUCTION NO. _9_

If you find the issues in favor of plaintiff Jane Doe on her claim for invasion of privacy, and if you believe the conduct of defendant Robert Centeno, as submitted in Instruction No. _5_ was outrageous because of Robert Centeno's evil motive or reckless indifference to the rights of others, or

If you find the issues in favor of plaintiff Jane Doe on her claim for breach of fiduciary duty, and if you believe the conduct of defendant Robert Centeno, as submitted in Instruction No. _6_ was outrageous because of Robert Centeno's evil motive or reckless indifference to the rights of others, then in the Verdict Form, you may find that defendant Robert Centeno is liable for punitive damages.

If you find that defendant Robert Centeno is liable for punitive damages in this stage of the trial, you will be given further instructions for assessing the amount of punitive damages in the second stage of the trial.

INSTRUCTION NO. _10_

If you find the issues in favor of plaintiff Jane Doe on her claim for invasion of privacy,

and if you believe the conduct of defendant C.B. Boswell, as submitted in Instruction No. _5_

was outrageous because of C.B. Boswell's evil motive or reckless indifference to the rights of

others, or

If you find the issues in favor of plaintiff Jane Doe on her claim for breach of fiduciary

duty, and if you believe the conduct of defendant C.B. Boswell, as submitted in Instruction No.

_6_ was outrageous because of C.B. Boswell's evil motive or reckless indifference to the

rights of others, then in the Verdict Form, you may find that defendant C.B. Boswell is liable for

punitive damages.

If you find that defendant C.B. Boswell is liable for punitive damages in this stage of the

trial, you will be given further instructions for assessing the amount of punitive damages in the

second stage of the trial.

INSTRUCTION NO. __11__

If you find the issues in favor of plaintiff Jane Doe on her claim for invasion of privacy, and if you believe the conduct of defendant Aesthetic Surgery Associates, Inc. d/b/a Body Aesthetic Plastic Surgery & Skin Care Center, Inc., as submitted in Instruction No. __5__ was outrageous because of Aesthetic Surgery Associates, Inc. d/b/a Body Aesthetic Plastic Surgery & Skin Care Center, Inc.'s evil motive or reckless indifference to the rights of others, or

If you find the issues in favor of plaintiff Jane Doe on her claim for breach of fiduciary duty, and if you believe the conduct of defendant Aesthetic Surgery Associates, Inc. d/b/a Body Aesthetic Plastic Surgery & Skin Care Center, Inc., as submitted in Instruction No. __6__ was outrageous because of Aesthetic Surgery Associates, Inc. d/b/a Body Aesthetic Plastic Surgery & Skin Care Center, Inc.'s evil motive or reckless indifference to the rights of others, then in the Verdict Form, you may find that defendant Aesthetic Surgery Associates, Inc. d/b/a Body Aesthetic Plastic Surgery & Skin Care Center, Inc. is liable for punitive damages.

If you find that defendant Aesthetic Surgery Associates, Inc. d/b/a Body Aesthetic Plastic Surgery & Skin Care Center, Inc. is liable for punitive damages in this stage of the trial, you will be given further instructions for assessing the amount of punitive damages in the second stage of the trial.

INSTRUCTION NO. _12_

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges - judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

*Third*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone - including me - how your votes stand numerically.

*Fourth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.[1]

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.