UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Case No.  4:08CV197 TIA |
| ) | |
| V. LEROY YOUNG, M.D., ) | |
| ROBERT CENTENO, M.D., ) | |
| C.B. BOSWELL, M.D., ) | |
| and AESTHETIC SURGERY ASSOCIATES, ) | |
| d/b/a BODY AESTHETIC PLASTIC ) | |
| SURGERY & SKIN CENTER, INC., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Quash Plaintiff's Notices of Deposition of Dr. C.B. Boswell, Dr. Leroy Young, and a Corporate Representative of Body Aesthetic Plastic Surgery & Skin Care Center, Inc. (Docket No. 205). Plaintiff has filed a Memorandum in Opposition. (Docket No. 207). Defendants filed a Reply (Docket No. 209) thereto. With the leave of Court, Plaintiff filed a Surreply (Docket No. 214). All matters are pending before the undersigned United States Magistrate Judge, with the consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff seeks to depose Defendants Dr. C.B. Boswell, Dr. Leroy Young, and Body Aesthetic Plastic Surgery & Skin Care Center, Inc. regarding the current financial status of Defendants.

Rule 30(a)(2)(A)(ii) requires leave of court for a party to take a deposition if the proposed deponent has already been deposed. Rule 30(a)(2) states that the Court must grant such leave "to the extent consistent with Rule 26(b)(2)."

Rule 26(b)(2) endows the Court with the authority and the responsibility to limit discovery sought by the parties if the information sought is cumulative or duplicative. More particularly, Rule 26(b)(2)(C) provides.

> On a motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or local rules if it determines that:
>
> (I) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action.
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Rule 26(b)(2)(C). The purpose of this rule is to "guard against redundant or disproportionate discovery;" however, the Court "must be careful not to deprive a party of discovery that is reasonably necessary to afford a fair opportunity to develop and prepare the case.." Fed.R.Civ.P. 26 Advisory Committee's Note to 1983 Amendments. The Advisory Committee Notes to Rule 30(d) make clear that the party seeking a court order to extend a deposition or otherwise alter the limitations must show good cause to justify such a court order. See Advisory Committee Note to 2000 Amendment to Fed.R.Civ.P. 30(d).

The justification provided for the second depositions is sufficient inasmuch as the need to take further depositions stems from the development of the newly produced evidence, "voluminous document production," pursuant to this Court's Order. The undersigned finds that information gathered through a second deposition of Defendants appears reasonably calculated to lead to the discovery of admissible evidence for the pending punitive damages claim. After reviewing the

pleadings and upon consideration of the parties' arguments, the Court finds the scope of the continued depositions should be limited to the financial records recently produced by Defendants. The Court sua sponte grants Plaintiff leave to depose for a second time Defendants Dr. C.B. Boswell, Dr. Leroy Young, and Body Aesthetic Plastic Surgery & Skin Care Center, Inc.[1]

**IT IS HEREBY ORDERED** that Defendants' Motion to Quash Plaintiff's Notices of Deposition of Dr. C.B. Boswell, Dr. Leroy Young, and a Corporate Representative of Body Aesthetic Plastic Surgery & Skin Care Center, Inc. (Docket No. 205) is DENIED.  Plaintiff may depose Defendants regarding the recently produced financial records.

Dated this  8th  day of June, 2012.

       /s/Terry I. Adelman  
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court agrees that during the pretrial conference, the parties discussed taking the second deposition of Kristen Hinman, not taking second depositions of Defendants. Thus, Plaintiff cannot depose Defendants without leave of Court or consent of Defendants.